U.S. DISTRICT COURT

IN THE WESTERN DISTRICT OF MICHIGAN

MICHELLE ZELLER,

    Plaintiff,

v.

SHEFIT OPERATING CO. LLC,
*a domestic limited liability company,*
ROBERT MOYLAN, *an individual*
SARA MOYLAN*, an individual*,

    Defendants.

Case No.    1:22-cv-1001

Hon.

---

Sarah S. Prescott (P70501)
SALVATORE PRESCOTT PORTER & PORTER
Attorney for Plaintiff
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
prescott@sppplaw.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Michelle Zeller, by and through her attorneys, SALVATORE PRESCOTT PORTER & PORTER, submits this Complaint and states as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Michelle Zeller is a resident of the State of Georgia.

2.    Defendant SHEFIT Operating Co. LLC (hereafter at times referred to as SHEFIT) is a limited liability company whose majority owners reside in Michigan and the entity is headquartered in Hudsonville, Michigan in Ottawa County. A minority owner resides in the State of New York, on information and belief. All defendants are diverse from Plaintiff.

3. Defendant Robert Moylan, part owner of SHEFIT Operating Co. LLC is, on information and belief, a resident of Ottawa County, Michigan.

4. Defendant Sara Moylan, part owner of SHEFIT Operating Co. LLC is, on information and belief, a resident of Ottawa County, Michigan.

5. The alleged violations forming the basis of this action occurred in Ottawa County, Michigan, where the Plaintiff worked and Defendant's key decisions at issue were operationalized.

6. The Claims in this action are for sexual harassment and discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act; retaliation in violation of the Elliott-Larsen Civil Rights Act; and breach of contract, causing damages well in excess of $75,000.

7. This Court has diversity subject matter jurisdiction arising under 28 U.S.C. § 1332, and venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## GENERAL ALLEGATIONS

8. In or around November 2021, Plaintiff began working for Defendants as their Chief Marketing Officer.

9. Prior to her start date, on or around October 7, 2021, Plaintiff and Defendants executed an employment contract. **Exhibit A**, Offer of Employment.

10. The parties' employment contract was executed by Plaintiff and by Defendants' Chief Executive Officer (CEO) Angel Ilagan.

11. Mr. Ilagan as CEO had both actual and apparent authority to agree, and he did so with the knowledge and approval of officers and owners of the company.

12. Plaintiff performed under the contract for most of a year, and Defendants did so as well, for example paying her at the contractually determined rate of pay and pursuant to other terms and conditions of the agreement.

13. The employment contract states: "If your employment with the Company is terminated by the Company, 9 months of severance at base pay with be given." **Exhibit A**.

14. The employment contract further specifies a base pay of $315,000 per year.

15. On or around September 7, 2022, Defendants terminated Plaintiff's employment.

16. Plaintiff sought her contractual severance, but was refused. Defendants offered her just one month of severance in lieu of the promised amount.

17. Plaintiff rejected this proposal, which represented a breach of the parties' agreement.

**Circumstances Leading to Plaintiff's Termination & Termination in Violation of Civil Rights Law**

18. Throughout her ten months of employment with Defendants, Plaintiff was subjected to a hostile work environment, sex harassment, and sex discrimination by Defendant Robert Moylan.

19. Ms. Zeller is a gay woman who is married.

20. Defendant Robert Moylan made sex-based comments and sexually charged comments including musing that one night in bed with him could turn Plaintiff's wife straight, comments on Plaintiff's appearance, supposition about Plaintiff's sex partners and proclivities, unnecessary references to Plaintiff's sexual orientation, and remarks demonstrating hostility to a transgender employee (referring to the individual as an "it").

21. The remarks were sufficiently pervasive to alter the terms and conditions of Plaintiff's employment.

22. On or around August 31, 2022, Ms. Zeller submitted to SHEFIT Human Resources a written complaint about Mr. Moylan's sexually discriminatory conduct, a complaint which

constitutes an act protected by Michigan's Elliott-Larsen Civil Rights Act.

23. At approximately the same times as the above conduct was ongoing, Defendant Sara Moylan discriminated against employees based on weight, in violation of Michigan law.

24. Specifically, in or around July of 2022, Ms. Moylan directly and explicitly instructed Ms. Zeller to terminate two employees due to their weight.

25. Ms. Zeller refused to follow Ms. Moylan's instruction that she terminate these employees based on their weight, and she explained to Ms. Moylan that it was illegal to do so.

26. The Defendants—specifically the entity acting by and through and as ratified and/or carried out by both individual named Defendants—knew of the above protected conduct, as it was disclosed to them.

27. Ms. Zeller was terminated within a few weeks of refusing to violate the law and within days of the Defendants being notified of her sex discrimination and harassment complaint, despite providing excellent services.

28. The Defendants—specifically, the entity acting by and through both individual named Defendants—approved and/or carried out the termination.

## COUNT I
## BREACH OF CONTRACT
## (as against SHEFIT Operating Co. LLC)

29. Plaintiff hereby incorporates all preceding paragraphs.

30. Plaintiff and Defendants executed an employment contract on or around October 7, 2021, **Exhibit A**.

31. The employment contract embodied a meeting of the minds between Plaintiff and Defendants and was executed by Defendants' duly authorized agent, the LLC's CEO.

32. The employment contract executed by Plaintiff and Defendants includes mutual

consideration.

33. The Defendants—specifically, the entity acting by and through and as ratified and determined by both individual named Defendants—terminated Plaintiff on September 7, 2022.

34. The Defendants—specifically, the entity acting by and through and as ratified and determined by both individual named Defendants—did not pay Plaintiff 9 months' severance upon her termination the contract obligated them to do.

35. Defendant SHEFIT thereby breached the contract of employment at the behest of the individual Defendants.

36. As a result of the breach, Plaintiff has been damaged in the amount contemplated by the parties' Agreement.

## COUNT II
## ELLIOTT-LARSEN CIVIL RIGHTS ACT
## SEX HARASSMENT AND DISCRIMINATION
## (as against Defendants R. Moylan and SHEFIT Operating Co. LLC)

37. Plaintiff hereby incorporates all preceding paragraphs.

38. Plaintiff was an employee of Defendants by and within the meaning of the Elliott-Larsen Civil Rights Act (ELCRA).

39. Defendants were employers within the meaning of ELCRA.  SHEFIT was the employer of employees, and the individual named Defendants are its agents, who are included within the definition of "employer" within ELCRA.

40. During the course of her employment with Defendants, Defendant Mr. Moylan subjected Plaintiff to a gender-based hostile work environment, as well as sex harassment and sex discrimination described above.

41. This conduct was intentional and/or was with reckless indifference to Plaintiff's rights and is attributable to Mr. Moylan, and because he was the owner/operator with hiring and

firing capacity, to SHEFIT Operating Co. Inc.

42. As a direct and proximate result of the Defendants' wrongdoing, Plaintiff has suffered loss of employment, loss of salary and benefits, loss of earning potential, and other damages to be proved at trial.

## COUNT III
## ELLIOTT-LARSEN CIVIL RIGHTS ACT
## RETALIATION
## (as against all Defendants)

43. Plaintiff hereby incorporates all preceding paragraphs.

44. Plaintiff engaged in activity protected under ELCRA when she complained about sex discrimination in writing to Defendants' Human Resources Department and when she refused to carry out terminations in violation of ELCRA as directed, based on employees' weights.

45. The Defendants—specifically, the entity acting by and through and as ratified and determined by both individual named Defendants—knew about Plaintiff's protected activity based on Plaintiff's written reports and verbal interactions with them.

46. The Defendants—specifically, the entity acting by and through and as ratified and determined by both individual named Defendants—took adverse action against Plaintiff because of her protected activity by terminating her.

47. Defendants' retaliation against Plaintiff was intentional and/or was with reckless indifference to Plaintiff's rights.

48. As a direct and proximate result of the Defendants' wrongdoing, Plaintiff has suffered loss of employment, loss of salary and benefits, loss of earning potential, and other damages to be proved at trial.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as

follows:

    A.    Judgment in the amount of $236,250, representing 9 months of severance pay;

    B.    Judgment for the value of lost wages and benefits, past and future in whatever amount Plaintiff is found to be entitled;

    C.    Judgment for non-economic damages in whatever amount Plaintiff is found to be entitled;

    D.    An award of costs, interest, and reasonable attorney's fees;

    E.    Such equitable relief as the Court deems just.

Respectfully Submitted,

<u>/s/ Sarah S. Prescott</u>
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT PORTER
& PORTER
Attorneys for Plaintiff
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
prescott@spplaw.com

Dated: October 26, 2022

## **JURY DEMAND**

    Plaintiff demands a trial by jury in the above-captioned matter.

Respectfully Submitted,

/s/ Sarah S. Prescott
Sarah S. Prescott (P70510)
SALVATORE PRESCOTT PORTER
& PORTER
Attorney for Plaintiff
105 E. Main Street
Northville, Michigan 48167
(248) 679-8711
prescott@spplaw.com

Dated: October 26, 2022